ORIGINAL

1  Simon Manoucherian (Bar No. 198760)
   SManoucherian@mmhllp.com
2  Frederic Esrailian (Bar No. 232799)
   FEsrailian@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4  Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
5  Facsimile: (213) 625-1930

6  Attorneys for Defendant
   BOSTON MUTUAL LIFE INSURANCE
7  COMPANY

FILED

07 DEC 26  AM 9:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  _POU_  DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10           '07 CV 2409  L  RBB

11  CHRISTOPHER O'KEEFE,            )  Case No.
                                    )
12            Plaintiff,            )  NOTICE OF REMOVAL OF ACTION
                                    )  TO UNITED STATES DISTRICT
13       vs.                        )  COURT
                                    )  [San Diego Superior Court Case No. 37-
14  BOSTON MUTUAL LIFE             )  2007-00081644-CU-BC-CTL]
    INSURANCE COMPANY, an          )
15  unknown business entity, and DOES 1 )  Complaint Filed: November 16, 2007
    through 50 inclusive,           )
16            Defendants.           )
                                    )
17

18       TO THE DISTRICT COURT OF THE UNITED STATES, SOUTHERN

19  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF

20  RECORD:

21       PLEASE TAKE NOTICE that on December 26, 2007, defendant BOSTON

22  MUTUAL    LIFE    INSURANCE    COMPANY    ("Boston    Mutual"),

23  contemporaneously with the filing of this Notice, is effecting the removal of the

24  above referenced civil action, Case No. BC372796, from the Superior Court of the

25  State of California, for the County of San Diego, to the United States District Court,

26  for the Southern District of California, based upon diversity jurisdiction pursuant to

27  28 U.S.C. Sections 1332, 1441(b) and 1446, in that the suit has been brought

28  between citizens of different states and the amount in controversy exceeds the sum

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89989.1                        1

1 of $75,000, exclusive of costs and interest.  The suit is one of a civil nature over
2 which the United States District Court has original jurisdiction.

3      The removal is based on the following grounds:

4

5 **I.**     **TIMELINESS.**

6     1.     On or about November 16, 2007, plaintiff CHRISTOPHER O'KEEFE
7 (hereinafter "Plaintiff") commenced this action by filing a Complaint in the Superior
8 Court of the State of California for the County of San Diego, entitled <u>Christopher</u>
9 <u>O'Keefe v. Boston Mutual Life Insurance Company, et al.</u>, designated Case No.
10 BC372796.

11     2.     Boston Mutual first received a copy of the Summons and Complaint on
12 November 27, 2007.  No prior pleading or paper has been received by or served on
13 Boston Mutual.  A true and correct copy of the Summons, Complaint and all other
14 process, pleadings, and orders obtained by Boston Mutual are attached hereto and
15 incorporated herein as Exhibit "A."  Boston Mutual has received no other process,
16 pleadings, or orders.

17     3.     The Removal is therefore timely under 28 U.S.C. Section 1446(b) in
18 that Boston Mutual has filed this Notice of Removal of Action within one (1) year
19 of commencement of this action and within thirty (30) days of having first received
20 the Summons and Complaint.

21

22 **II.**     **JOINDER.**

23     4.     There are no defendants that are required to join in this removal.  All
24 remaining defendants are fictitiously named and need not be considered for the
25 purposes of removal.  28 U.S.C. § 1441(a).

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89989.1

2

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

### III.   JURISDICTION.

5.   This action has been removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. Sections 1332(a)(1), 1332(c)(1) 1441, and 1446 in that the suit has been brought between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, as set forth more fully below.   The suit is one of a civil nature over which the United States District Court has original jurisdiction.

#### A.   Citizenship of Boston Mutual.

6.   Defendant Boston Mutual, at all relevant times, was a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Canton, Massachusetts, and is authorized to transact and is transacting the business of insurance in the State of California.

#### B.   Citizenship of Plaintiff.

7.   Boston Mutual is informed and believes, and on that basis alleges, that Plaintiff was, at the time of commencement of this action, and is now, a resident and citizen of the County of San Diego, State of California, which is where Plaintiff has filed this action.   [See Complaint ¶ 35].

#### C.   Amount in Controversy.

8.   Plaintiff seeks recovery of disability benefits allegedly due to him as an insured under the terms and conditions of a disability insurance policy (hereinafter "Policy"), issued by Boston Mutual to Plaintiff.   [Complaint, ¶¶ 18, 19, 25-27, 33, 40].   9.   Plaintiff has not specified the amount of damages he is seeking through his Complaint. However, Plaintiff alleges that he became disabled pursuant to the terms of the Policy on December 29, 2003.   [Complaint, ¶ 5].   After the 91 day elimination period, Plaintiff would be eligible for benefits as of March 28, 2004. Plaintiff was paid benefits through May 28, 2007; however, as he alleges, his claim

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89989.1

3

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1 | was denied on or about September 20, 2007. [Complaint, ¶ 26]. Plaintiff further
2 | alleges that he remains disabled and eligible for benefits under the Policy.
3 | [Complaint]. The Policy at issue in the Complaint provides that benefits are payable
4 | until age 65 in the amount of $6,000 per month, as long as Plaintiff satisfies the
5 | terms and conditions of the Policy. Therefore, Plaintiff is seeking recovery of
6 | benefits from at least May 2007 to the present, totaling **$42,000**, or 7 months of
7 | benefits ($6,000 x 7 months), exclusive of interest or costs.

8 |     10. Moreover, in an action for breach of the implied covenant of good faith
9 | and fair dealing, a plaintiff may recover <u>future benefits</u> as well as past benefits. <u>See</u>
10 | <u>Egan v. Mutual of Omaha Ins. Co.</u>, 24 Cal. 3d 809, 824, 169 Cal. Rptr. 691, 699, fn.
11 | 7 (Cal. 1979). "[T]he jury [or judge] may include in the compensatory damage
12 | award future policy benefits that they reasonably conclude, after examination of the
13 | policy's provisions and other evidence, the policy holder would have been entitled
14 | to receive had the contract been honored by the insurer." <u>Id.</u> Plaintiff has included
15 | a claim for "Breach of Covenant of Good Faith and Fair Dealing" in his Complaint,
16 | and thus can potentially recover future benefits, as well as past benefits. [Complaint
17 | ¶¶ 42-46]. In fact, in his Complaint, Plaintiff contends that he remains disabled, that
18 | Boston Mutual continues to wrongfully withhold benefits, and that he is therefore
19 | entitled to benefits under the terms of the Policy. [Complaint, ¶¶ 18, 19, 25-27, 33,
20 | 40, 42-46]. Plaintiff was born on September 25, 1958 and will turn age 65 on
21 | September 25, 2023. Thus, Plaintiff can potentially recover an additional <u>189</u>
22 | months of future benefits, totaling **$1,134,000.00** (189 x $6,000) not discounted to
23 | present valueAdditionally, by filing this unlimited civil action in the Superior Court,
24 | Plaintiff is attesting that the amount in controversy at least meets the jurisdictional
25 | limit of the Superior Court, or **$50,000**.

26 |     12. The foregoing sums are also exclusive of the general, emotional
27 | distress and attorneys' fees damages that Plaintiff seeks through his Complaint.
28 | [Complaint, ¶¶ 7, 25, 33, 41, 45, and Prayer]; <u>see</u> <u>Galt G/S v. JSS Scandinavia</u>, 142

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
89989.1
4
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  F. 3d 1150 (9th Cir. 1998) (holding that attorneys' fees that plaintiffs can recover as
2  a matter of law must be considered by the Court in calculating the amount in
3  controversy).  Plaintiff can also seek and potentially recover attorneys' fees under
4  state law, pursuant to Brandt v. Superior Court (Standard Ins.), 37 Cal. 3d 813, 817,
5  210 Cal. Rptr. 211, 213 (Cal. 1985) (a plaintiff can potentially recover attorneys'
6  fees as a measure of damages under a breach of the implied covenant of good faith
7  and fair dealing, and attorneys' fees must also be considered by the Court in
8  assessing the amount in controversy of the action).  Thus, these amounts must also
9  be considered in calculating the amount in controversy.

10      13.    Furthermore, in calculating the amount in controversy, the Court must
11  also consider exemplary and punitive damages that Plaintiff can recover as a matter
12  of law.  See Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D.
13  Cal. 2000) (citing Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal.
14  1995)).  Again, in his Complaint, Plaintiff has included a claim for "Breach of
15  Implied Covenant of Good Faith and Fair Dealing."  Under state law, Plaintiff can
16  therefore seek and potentially recover punitive and/or exemplary damages.  See
17  Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 462 (Cal. 1974); Neal v. Farmers
18  Ins. Exch., 21 Cal. 3d 910, 922-23, 148 Cal. Rptr. 289, 395-96 (Cal. 1978).
19  Moreover, Plaintiff specifically seeks punitive damages through his Complaint.
20  [Complaint, Prayer].

21      14.    Plaintiff's failure to plead a specific amount of damages in his
22  Complaint should be construed in favor of Boston Mutual, supporting a finding that
23  the minimum amount in controversy has been met.  See Bosinger v. Phillips Plastic
24  Corporation, 57 F. Supp. 2d 986, 989 (S.D. Cal. 1999) ("[A]s such evidence [to
25  show that the amount in controversy exceeds $75,000] may not always be available
26  to a removing defendant, to require such proof might defeat removal in an instance
27  where a plaintiff declined to plead a specific amount of damages and a defendant
28  could not readily ascertain the approximate amount of damages a plaintiff seeks

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89989.1

5

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  within thirty days. Moreover, while it is for the Court to decide its own jurisdiction,
2  the Court finds in Plaintiff's silence, implicit support for Defendant's allegation as
3  to the amount in controversy.").

4         15.    In light of the fact that Plaintiff is seeking, and can potentially recover,
5  past benefits in the amount of **$42,000** and future benefits in the amount of
6  **$1,134,000** (totaling **$1,176,000**), **general damages** for mental and emotional
7  distress, **punitive and/or exemplary damages**, other **incidental damages**, and
8  **attorneys' fees**, the amount in controversy in this case, exclusive of interest and
9  costs, clearly exceeds the jurisdictional requirement of this Court.

10

11  **IV.    PROCESS.**

12         16.    On December 21, 2007, Boston Mutual filed an Answer to Plaintiff's
13  Complaint in the Superior Court of the State of California, for the County of San
14  Diego. A true and correct copy of the Answer is attached hereto and incorporated
15  herein as Exhibit "B."

16         17.    On December 26, 2007, a copy of this Notice was filed with the Clerk
17  of the Superior Court of the State of California, for the County of San Diego.

18         WHEREFORE, Boston Mutual prays that the above action pending in the
19  Superior Court for the County of San Diego be removed from that court to this
20  Court.

21  Dated: December 26, 2007          MESERVE, MUMPER & HUGHES LLP
                                      SIMON MANOUCHERIAN
22                                    FREDERIC ESRAILIAN

23                                    By: _____
24                                        Simon Manoucherian
                                          Attorneys for Defendant
25                                        BOSTON MUTUAL LIFE
                                          INSURANCE COMPANY
26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89989.1                                    6

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

**EXHIBIT A**

1/27/07 @ 2:40p

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>BOSTON MUTUAL LIFE INSURANCE COMPANY, an unknown<br>business entity, and DOES 1 through 50 inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>CHRISTOPHER O'KEEFE | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego<br>Hall of Justice<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2007-00081644-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas M. Field, McDonnell & Associates, P.C.
2040 Harbor Island Dr., Suite 202, San Diego, CA 92101  619-294-4230

| DATE:<br>*(Fecha)* NOV 1 6 2007 | Clerk, by<br>*(Secretario)* K Brown | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Boston Mutual Life Insurance Company

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☑ other *(specify)*: unknown business entity
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT 4, PAGE 7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Douglas M. Field, SBN 257888
McDonnell & Associates, P.C.
2040 Harbor Island Dr., Suite 202
San Diego, CA 92101
TELEPHONE NO: 619-294-4230   FAX NO: 619-294-4237
ATTORNEY FOR (Name): Christopher O'Keefe

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
O'Keefe v. Boston Mutual Life Insurance

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2007-00081644-CU-BC-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 15, 2007

Douglas M. Field
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A, PAGE 8

Michael B. McDonnell, State Bar No. 107053
Douglas M. Field, State Bar No. 237888
McDONNELL & ROMAKER, P.C.
2040 Harbor Island Drive, Suite 202
San Diego, California 92101
Telephone: (619) 294-4230
Facsimile: (619) 294-4237

Attorneys for Plaintiff CHRISTOPHER O'KEEFE

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CHRISTOPHER O'KEEFE,<br><br>                    Plaintiff,<br><br>    vs.<br><br>BOSTON MUTUAL LIFE INSURANCE<br>COMPANY, an unknown business entity, and<br>DOES 1 through 50 inclusive<br><br>                    Defendants. | Case No. 37-2007-00081844-CU-BC-CTL<br><br>**COMPLAINT FOR**<br><br>**1) Breach of Contract**<br><br>**2) Breach of Implied Covenant of<br>    Good Faith and Fair Dealing**<br><br>**3) Unfair Business Practices** |

### STATEMENT OF FACTS

1.    Defendant BOSTON MUTUAL LIFE INSURANCE COMPANY ("BOSTON MUTUAL"), is and at all times herein mentioned was, a Massachusetts Corporation organized and existing under the laws of the State of Massachusetts with principle offices located at 120 Royal Street, in the City of Canton, Massachusetts.

2.    Plaintiff CHRISTOPHER O'KEEFE (hereinafter sometimes referred to as "O'KEEFE") is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

3.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,

1

1  each of the defendants sued herein was the agent and/or employee of each of the remaining

2  defendants and was at all times acting within the purpose and scope of such agency and/or

3  employment.

4  4.      O'KEEFE was a successful trial lawyer with his own busy practice. He was making

5  approximately twenty five thousand dollars ($25,000.00) per month for his services to his

6  clients..

7  5.      On December 29, 2003, O'KEEFE survived a life-altering car accident. He was driving

8  on a busy freeway when another vehicle turned abruptly in front of him. He had to act quickly to

9  avoid the collision. When he made an evasive maneuver, he lost control of his vehicle. His car

10  spun around three times and flipped over three times. The car came to rest on a parallel access

11  road some five lanes away from where the car spun out of control. No other cars were struck.

12  Nobody else was injured.

13  6.      O'KEEFE was not ejected from the car, but tossed about badly within. His seatbelt

14  snapped. His head, when smashed against the windshield, shattered it. He suffered closed head

15  injury; cervical, thoracic, and lumbar spine trauma; and significant psychological traumas.

16  7.      Even now, in excess of three years post injury, O'KEEFE is in a daily struggle with the

17  ongoing residuals of his physical, functional, emotional and psychological injuries.

18  8.      O'KEEFE can not sit for long periods. He cannot stand for long periods. He cannot flex

19  in normal ranges. He cannot sleep at night nor concentrate during the day. He has continued

20  panic attacks, neck pain, headaches, chest pain, abdominal pain and lower back pain.

21  9.      His pain management specialist prescribed several very powerful drugs.

22  10.     Concurrently,. O'KEEFE is diagnosed as suffering Post Traumatice Stress Disorder

23  ("PTSD").

24  11.     Disability RMS (hereinafter sometimes referred to as "RMS"), the claims administrator

25  for BOSTON MUTUAL LIFE INSURANCE COMPANY, and Ms. Deborah Murphy, RMS's

26  Senior Managed Disability Analyst, were aware that Mr. O'KEEFE suffered from PTSD. They

27  were also aware that Mr. O'KEEFE, in an effort to manage his great pain, remained heavily

28  medicated..

2

EXHIBIT _A_, PAGE _10_

1   12.    O'KEEFE was depressed, suffering from mental disabilities, experiencing sever pain and

2   under the influence of powerful narcotics.

3   13.    Nevertheless, RMS, acting on behalf of the BOSTON MUTUAL, demanded that

4   O"KEEFE provide an extensive list of very specific documentation regarding his claim.

5   14.    O'KEEFE's condition made it impossible to meet the overly burdensome demands placed

6   upon him by BOSTON MUTUAL.  He did not respond because he could not respond.  .

7   15.    RMS did not investigate, but did suspend Mr. O'KEEFE's benefits because the very

8   disability for which he'd purchased insurance made it impossible to meet the demands placed

9   upon him by RMS.

10  16.    Mr. O'KEEFE needed treatment, but could no longer afford to pay what KAISER would

11  not.  Consequently, Dr. Hammond, Mr. O'KEEFE's psychotherapist withdrew from treating

12  O'KEEFE.

13  17.    Rather than investigate, rather than attempt to help the insured BOSTON MUTUAL

14  utilized the abandonment of O'KEEFE by his physician as an excuse to assert a failure of proof.

15  18.    RMS refused to pay Mr. O'KEEFE his bargained for benefits because he could not prove

16  treatment with Dr. Hammond, but Dr. Hammond is no longer authorized to practice in

17  California.  She lost her license.  She would not provide her records.  O'KEEFE did not have the

18  records.  The Bureau of Medical Quality Assurance could not get the records.  RMS could not

19  get the records.

20  19.    RMS refused to pay Mr. O'KEEFE's benefits because he could not prove treatment with

21  Hammond.  He could not get replacement treatment because RMS will not pay benefits.

22  Between his physical maladies and the psychological effects which derive from them, Mr.

23  O'KEEFE is disabled.

24  20.    Pursuant to the terms of his policy all symptoms are to be treated as one disability.

25  21.    O'KEEFE paid for the assistance of BOSTON MUTUAL LIFE; He requires the

26  assistance of BOSTON MUTUAL LIFE.

27  22.    The insurance policy promises to pay Mr. O'KEEFE a certain sum if he cannot practice

28  law.  The pertinent language follows:

3

1      *Total Disability* means you are unable to perform the substantial and material

2      duties of Your *Occupation* due to Injury or Sickness, and You are receiving

3      regular medical care from a duly licensed physician other than Yourself.

4      Your *Occupation* means the occupation in which You are regularly engaged at the

5      time YOU became disabled. If Your occupation is limited to recognized specialty

6      within the scope of Your degree or license, We will deem Your specialty to be

7      Your occupation.

8      *Injury* means a loss or disability which is a direct result of bodily injury caused by

9      an accident which occurs while the policy is in force...

10      *Monthly Benefit* is the amount shown in the application....

11      Once a period of disability starts, We will deem it as one continuous disability no

12      matter what Sickness or Injury causes it to continue.

13      A continuous period of disability ends when you are no longer totally disabled.

14  separate period of disability will be deemed continuous with a prior period if it:

15          a) starts within three (3) months after you return to your

16          occupation; and

17          b) results in whole or in part from the same or a related sickness or

18          injury. If periods of disability are deemed continuous, they count

19          as a single period. If you become totally disabled...for six

20          continuous months, We will waive any premiums which become

21          due for any continuing periods of Total disability...

22  23.    Mr. O'KEEFE provided RMS with a proof of loss and for awhile RMS reluctantly made

23  payments to Mr. O'KEEFE under a reservation of rights.

24  24.    Then, fully aware of Mr. O'KEEFE's debilitating illness, and aware that the policy

25  contains no language authorizing such a request, RMS required additional, very specific

26  documentation and used the excuse that the disabled insured could not respond in order to deny

27  his family the benefits for which Mr. O'KEEFE had bargained.

28  25.    On or about February 18, 2005, it became necessary for O'KEEFE to retain the services

4

1  of the law firm of McDonnell & Associates in order to represent him in recovering the benefits

2  wrongfully withheld from O'KEEFE by BOSTON MUTUAL.

3  26.    O'KEEFE made his claim to disability RMS on or about January of 2003, but not until

4  approximately four years later, on September 20, 2007 did Disability RMS make a determination

5  that O'KEEFE did not meet the definition of disability as defined in his policy.

6  27.    During that four year period, Disability RMS and McDonnell & Associates exchanged

7  volumes of correspondence as it was necessary to involve counsel to constantly demand that

8  O'KEEFE receive payments that were due.

9  28.    During this four year period during which RMS did not make a determination it was

10  common practice for RMS to make one or two payments under reservation and to demand

11  extensive documentation that they claimed was necessary in order to complete their

12  investigation. But, when the requested documentation was produced, RMS would only demand

13  still more documentation. This went on for years.

14  29.    To this day, O'KEEFE wakes up and goes to sleep with headaches. He cannot work at a

15  computer or concentrate in a reading position for more than twenty minutes without suffering

16  debilitating headaches  with accompanying cervical pain and pain between his shoulder blades.

17  30.    O'KEEFE has frequent very sharp pain which initiates at his shoulder blades and shoots

18  up to his head, down his back, and radiates throughout his chest. This pain worsens with

19  prolonged standing, or sitting. The pain associated with these activities is unbearable and

20  necessitates continued narcotic medication. He suffers sometimes incapacitating abdominal pain.

21  31.    O'KEEFE has constant lower back pain that worsens with prolonged standing and is

22  markedly exacerbated by bending, twisting and lifting even light items such as briefcases, files,

23  or laptop computers.

24  32.    In short, Mr. O'KEEFE has pain most all of the time - particularly in his cervical spine,

25  head, chest and upper back, abdomen and low back. The pain exacerbates and remits. He

26  condition necessitates the daily use of narcotics. The medications add confusion and burden. He

27  is rarely out of pain.

28  33.    Further, O'KEEFE has suffered great financial loss as a result of his accident and the

5

1  nonpayment of his disability payments by BOSTON MUTUAL.  O'KEEFE lost his home, his

2  law practice.  He has spent his entire savings, including his child's college fund.  His credit has

3  been irreparably damaged.  As a result of BOSTON MUTUAL'S unreasonable refusal to pay

4  benefits due under the policy, O'KEEFE finds himself in dire financial straits, which only

5  exasperates his physical and psychological ailments.

**BREACH OF CONTRACT**

6

7  34.     Plaintiff incorporates paragraphs one through thirty-three and asserts the same as though

8  fully set forth herein.

9  35.     In the City of San Diego, County of San Diego, State of California, Plaintiff and

10  defendant entered into a written insurance agreement, a copy of which is attached hereto as

11  Exhibit "A" and made a part hereof.

12  36.     The consideration set forth in the agreement was fair and reasonable.

13  37.     O'KEEFE has performed all conditions, covenants, and promises required by him on his

14  part to be performed in accordance with the terms and conditions of the contract.  O'KEEFE

15  suffered a loss covered under an insurance policy with BOSTON MUTUAL.

16  38.     BOSTON MUTUAL was notified of the loss as required by the policy.

17  39.     On or about September 20, 2007 BOSTON MUTUAL  beached its duty to pay for a loss

18  covered under the insurance policy. .

19  40.     By reason of Defendant's breach of said contract as herein alleged, the Plaintiff has

20  suffered damages in an amount uncertain to be proven at trial.

21  41.     By the terms of said written agreement, the O'KEEFE is entitled to recover reasonable

22  attorney fees incurred in the enforcement of the provisions of the agreement.  By reason of the

23  aforementioned breach by the defendant, the O'KEEFE has been forced to secure the services of

24  the legal firm of McDonnell & Associates, to prosecute this lawsuit.

25  **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

26  42.     Plaintiff incorporates paragraphs one through forty-one and alleges the same as though

27  fully set forth herein.

28  43.     In every insurance policy there is an implied obligation of good faith and fair dealing that

6

1  neither the insurance company nor the insured will do anything to injure the right of the other

2  party to receive the benefits of the agreement.

3  44.    To fulfill its implied obligation of good faith and fair dealing, an insurance company must

4  give at least as much consideration to the interests of the insured as it gives its own interests.

5  45.    As a result of unreasonably of the harassment as set out more fully above and as a result

6  of withholding benefits due under the policy after being notified of the loss, BOSTON

7  MUTUAL has violated the implied covenant of good faith and fair dealing contained in the

8  insurance policy as against O'KEEFE. The facts of this case, as set out above, demonstrate that

9  BOSTON MUTUAL has not given at least as much consideration to the interests of O'KEEFE as

10  they gave to their own interests. As a result thereof, O'KEEFE is entitled to damages as prayed.

11  46.    BOSTON MUTUAL's unreasonable failure to pay policy benefits was a substantial factor

12  in causing O'KEEFE to suffer damages in an amount uncertain to be proven at trial.

13                                    **UNFAIR BUSINESS PRACTICES**

14  47.    Plaintiff incorporates paragraphs one through forty-six and alleges the same as though

15  fully set forth herein.

16  48.    By reason of BOSTON MUTUAL's, fraudulent deceptive, unfair, and other wrongful

17  conduct as herein alleged, BOSTON MUTUAL has violated California Business and Professions

18  Code Section 17200 et seq. by consummating an unlawful, unfair, and fraudulent business

19  practice, designed to deprive O'KEEFE of benefits due under the insurance policy.

20  By reason of the foregoing, O'KEEFE has suffered and continues to suffer damages in a sum

21  which is, as yet unascertained. O'KEEFE will ask leave of court to amend this Complaint when

22  the true nature and extent of the damages have been ascertained.

23  //

24  //

25  //

26  //

27  //

28  WHEREFORE, O'KEEFE prays for judgment against Defendant BOSTON MUTUAL and each

7

EXHIBIT _A_, PAGE _15_

1 of them, as follows:

2     1.    For damages in the amount as yet uncertain but to be proved at trial.

3     2.    For interest at 10% per annum.

4     3.    For punitive damages according to proof at trial.

5     4.    For attorneys' fees.

6     4.    For such other and further relief as the court may deem proper.

7

8                           McDONNELL & ASSOCIATES

9

10

11 DATED: November 15, 2007

12                           Douglas M. Field, Attorney for
                          O"KEEFE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

EXHIBIT A, PAGE 16

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00081644-CU-BC-CTL          CASE TITLE: O'keefe vs. Boston Mutual Life Insurance Company

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

EXHIBIT A, PAGE 17

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

Page: 2

2

EXHIBIT _A_, PAGE _18_

TOTAL P.15

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Christopher O'keefe |
|---|
| DEFENDANT(S): Boston Mutual Life Insurance Company |
| SHORT TITLE: O'KEEFE VS. BOSTON MUTUAL LIFE INSURANCE COMPANY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00081644-CU-BC-CTL |
|---|---|

Judge: Steven R. Denton                                  Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                       Name of Defendant

_____          _____
Signature                               Signature

_____          _____
Name of Plaintiff's Attorney            Name of Defendant's Attorney

_____          _____
Signature                               Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 11/16/2007                    _____
                                     JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)     STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page 1

3

EXHIBIT A, PAGE 19

1  Simon Manoucherian (Bar No. 198760)
   SManoucherian@mmhllp.com
2  Frederic Esrailian (Bar No. 232799)
   FEsrailian@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4  Los Angeles, California 90071-3185
   Telephone:  (213) 620-0300
5  Facsimile:  (213) 625-1930

6  Attorneys for Defendant
   BOSTON MUTUAL LIFE INSURANCE COMPANY

...OFFICE 1
CENTRAL DIVISION

2007 DEC 20  AM 11: 41

...COURT
SAN DIEGO COUNTY, CA

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| 11  CHRISTOPHER O'KEEFE,<br><br>12        Plaintiff,<br><br>13      vs.<br><br>14  BOSTON MUTUAL LIFE INSURANCE<br>   COMPANY, an unknown business entity,<br>15  and DOES 1 through 50 inclusive,<br><br>16        Defendants. | Case No. 37-2007-00081644-CU-BC-CTL<br><br>DEFENDANT BOSTON MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Complaint Filed:  November 16, 2007 |

18     Defendant BOSTON MUTUAL LIFE INSURANCE COMPANY (hereinafter

19  "Boston Mutual") hereby answers Plaintiff CHRISTOPHER O'KEEFE's ("Plaintiff")

20  Complaint as follows:

21     1.    Under and pursuant to California Code of Civil Procedure section 431.30(d),

22  Boston Mutual denies, generally and specifically, each and every allegation contained in

23  Plaintiff's unverified Complaint and each allegation of every cause of action set forth

24  therein, and the whole thereof, and denies that Plaintiff sustained damages in the sum or

25  sums alleged, or in any other sum or sums, or at all.

26  ////

27  ////

28  ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

EXHIBIT _B_ , PAGE _20_

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2.    Boston Mutual alleges that the Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Boston Mutual.

### SECOND AFFIRMATIVE DEFENSE

3.    Boston Mutual alleges that any and all of the actions taken by any officer, employee, and/or agent of Boston Mutual were good faith assertions of the rights of Boston Mutual and were therefore privileged and/or justified.

### THIRD AFFIRMATIVE DEFENSE

4.    Boston Mutual alleges that if the Plaintiff has sustained any damages as alleged in the Complaint, which Boston Mutual denies, he failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

5.    Boston Mutual alleges that the Plaintiff has waived any and all claims that he may have or have had to the relief, if any, referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

6.    Boston Mutual alleges that the Plaintiff is estopped from alleging that Boston Mutual caused or contributed to the damages, if any, referred to in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

7.    Boston Mutual is informed and believes, and on that basis alleges that its purported obligations, if any, as alleged in the Complaint were fully performed.

### SEVENTH AFFIRMATIVE DEFENSE

8.    Boston Mutual is informed and believes, and on that basis alleges that if Boston Mutual failed to perform any obligations owed to Plaintiff, which Boston Mutual categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff and/or other third parties.

### EIGHTH AFFIRMATIVE DEFENSE

9.    Boston Mutual alleges that, without conceding that Plaintiff sustained any

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

2

DEFENDANT BOSTON MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT _B_, PAGE _21_

1  damages as alleged in the Complaint, if any such damages were sustained by Plaintiff,

2  Plaintiff failed to and did not exercise ordinary care, caution or prudence on his own behalf

3  and that the alleged damages, if any, either sustained by Plaintiff or referred to in the

4  Complaint were directly and proximately caused and contributed to by the acts and/or

5  omissions of Plaintiff. Accordingly, recovery, if any, on the part of the Plaintiff against

6  Boston Mutual must be reduced by a proportionate percentage of the wrong attributable to

7  the Plaintiff.

8  ### NINTH AFFIRMATIVE DEFENSE

9  10.   Boston Mutual alleges that, without conceding Plaintiff has sustained any

10  damages as alleged in his Complaint, if any such damages were sustained by Plaintiff, they

11  were caused by persons or entities other than Boston Mutual, and at all times, these other

12  person or entities were acting without the consent, authorization, knowledge or ratification

13  of Boston Mutual, with regard to any and all of the acts alleged in the Complaint, and the

14  award of damages, if any, should be reduced by the proportionate percentage of the wrong

15  attributable to those persons or entities.

16  ### TENTH AFFIRMATIVE DEFENSE

17  11.   Boston Mutual alleges that Plaintiff's Complaint, and each purported cause

18  of action contained therein, is barred, in whole or in part, by the applicable statute of

19  limitations including, but not limited to, California Code of Civil Procedure Sections

20  335.1, 337, 338, 339, 340 and 343, Civil Code § 1783, and Business & Professions Code §

21  17208.

22  ### ELEVENTH AFFIRMATIVE DEFENSE

23  12.   Boston Mutual alleges that Plaintiff has not supplied Boston Mutual with

24  sufficient facts, proof or documentation that would support the payment to Plaintiff of any

25  benefits under the Policy at issue in the Complaint.

26  ### TWELFTH AFFIRMATIVE DEFENSE

27  13.   Boston Mutual alleges that any and all actions taken by Boston Mutual were

28  fair and reasonable and were performed in good faith based on all the relevant facts known

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

3

DEFENDANT BOSTON MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT _B_, PAGE _22_

1 │ to Boston Mutual at all applicable times.

2 │ **THIRTEENTH AFFIRMATIVE DEFENSE**

3 │     14.   Boston Mutual alleges that the Complaint, and each purported cause of

4 │ action contained therein, fails to state any facts that would entitle Plaintiff to recover

5 │ general, compensatory, punitive and/or other damages (including attorney's fees and costs)

6 │ against Boston Mutual.

7 │ **FOURTEENTH AFFIRMATIVE DEFENSE**

8 │     15.   Boston Mutual alleges that Plaintiff's breach of the covenant of good faith

9 │ and fair dealing claim fails because a genuine issue of liability exists.

10 │ **FIFTEENTH AFFIRMATIVE DEFENSE**

11 │     16.   Without conceding that the Plaintiff has suffered any damages as alleged in

12 │ the Complaint, Boston Mutual alleges that if any such damages were sustained by the

13 │ Plaintiff, those damages should be properly apportioned among all persons or entities who

14 │ contributed to those damages in proportion to the fault of those persons or entities,

15 │ pursuant to California Civil Code Section 1431.2 and any relevant provisions of California

16 │ common and statutory law.

17 │ **SIXTEENTH AFFIRMATIVE DEFENSE**

18 │     17.   Boston Mutual alleges upon information and belief that the Plaintiff has no

19 │ right to recover under applicable law or the terms and conditions of the Policy at issue in

20 │ the Complaint.

21 │ **SEVENTEENTH AFFIRMATIVE DEFENSE**

22 │     18.   Boston Mutual alleges that the bases by which punitive damages are imposed

23 │ pursuant to California statutory and common law, are fatally constitutionally infirm, and

24 │ that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except

25 │ the excessive fines clause) and the Fourteenth Amendments to the United States

26 │ Constitution and the equivalent provisions in the California Constitution.

27 │ **EIGHTEENTH AFFIRMATIVE DEFENSE**

28 │     19.   Boston Mutual alleges that the California practice of allowing the wealth of

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

4

DEFENDANT BOSTON MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT _____ *B* , PAGE 23

1   an insurance company defendant to be the primary measure for the imposition of a punitive

2   and exemplary damage award constitutes an impermissible punishment of Boston Mutual's

3   status in violation of its rights to due process and equal protection of the laws under the

4   Fifth and Fourteenth Amendments to the United States Constitution and by Article I,

5   Section 7 of the California Constitution.

6                    **NINETEENTH AFFIRMATIVE DEFENSE**

7         20.     Boston Mutual alleges that granting Plaintiff's prayer for punitive damages

8   against it would violate certain provisions of the Constitution of the United States

9   including but not limited to, the following:   The Fifth and Fourteenth Amendments

10  guarantee this defendant due process of the law and are violated by the operation of such

11  vague, imprecise and impermissible laws regarding both the awarding and the amount of

12  punitive damages as are the laws on which the subject punitive damage claim is based; an

13  award of punitive damages against Boston Mutual under the facts of this case would

14  violate due process as being grossly excessive in relation to the legitimate interests of the

15  State of California; the Fourteenth Amendment guarantees this defendant equal protection

16  of the laws and is violated by the imposition of punitive damages in that such sanction is

17  discriminatory and arbitrary in penalizing this defendant on the basis of wealth; the Fourth,

18  Fifth and Sixth Amendments form the basis for laws governing the processing, convicting

19  and sentencing of criminal defendants and to the extent that the Complaint is subjected to

20  criminal sanction for punitive damages, the burden of proof required to impose the same

21  should be proof beyond a reasonable doubt and punitive damages should not be awarded

22  without affording this defendant full range of criminal safeguards afforded by the

23  Constitution and the imposition of punitive damages would violated Article I Section XX

24  of said constitution.   Boston Mutual further alleges that in addition to the above, the

25  imposition of punitive damages against Boston Mutual would violate similar and related

26  provisions of the Constitution of the State of California.

27                    **TWENTIETH AFFIRMATIVE DEFENSE**

28         21.     Boston Mutual alleges that the imposition of punitive damages against it

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

5

DEFENDANT BOSTON MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT _B_, PAGE _24_

1 | would violate California Civil Code Section 3294.

2 | ## TWENTY-FIRST AFFIRMATIVE DEFENSE

3 |     22.    Boston Mutual alleges that even if it is determined that Plaintiff is presently

4 | disabled under the terms of the Policy at issue in the Complaint, which contention Boston

5 | Mutual expressly denies, such determination does not mean that Plaintiff would be entitled

6 | to unlimited future benefits under the Policy given, *inter alia*, the possibility of Plaintiff's

7 | recovery, as well as the effect of different requirements, exclusions and/or limitations in

8 | the Policy.

9 | ## TWENTY-SECOND AFFIRMATIVE DEFENSE

10 |     23.    Boston Mutual alleges that it breached no duty owed to Plaintiff, if any such

11 | duty was owed.

12 | ## TWENTY-THIRD AFFIRMATIVE DEFENSE

13 |     24.    Boston Mutual alleges that it has not engaged in any conduct that would

14 | entitle Plaintiff to any emotional distress damages.

15 | ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

16 |     25.    Boston Mutual alleges that Plaintiff is barred from any recovery on his

17 | Complaint and each of the purported causes of action alleged therein under the doctrine of

18 | laches.

19 | ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

20 |     26.    Boston Mutual alleges that Plaintiff has received an overpayment of benefits

21 | and any recovery by Plaintiff in this action should be offset by said overpayment.

22 | ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

23 |     27.    Boston Mutual is informed and believes, and on that basis alleges, that

24 | Plaintiff breached the agreement(s) upon which he sues and failed to properly and

25 | adequately perform his required obligation(s) thereunder, all of which prevent Plaintiff

26 | from recovering any damages pursuant to said agreement(s).

27 | ////

28 | ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

6

DEFENDANT BOSTON MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT ____ *B* , PAGE 25

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28.     Boston Mutual presently has insufficient knowledge or information on which to form a belief whether it may have additional, yet unstated affirmative defenses.  Boston Mutual reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

## PRAYER

WHEREFORE, Boston Mutual prays for judgment in its favor and against Plaintiff as follows:

1.     An order dismissing the Complaint, with prejudice, as to all defendants and with respect to all claims for relief;

2.     An order declaring that Plaintiff should take nothing by his Complaint;

3.     An order declaring that no benefits or damages are payable to Plaintiff under the Policy;

4.     For judgment against Plaintiff and in favor of Boston Mutual;

5.     That Boston Mutual recover its costs of suit incurred herein, including reasonable attorneys' fees; and

6.     For such other and further relief as this Court deems just and proper.

Dated:  December 18, 2007

MESERVE, MUMPER & HUGHES LLP
SIMON MANOUCHERIAN
FREDERIC ESRAILIAN

By: _____

Simon Manoucherian
Attorneys for Defendant
BOSTON MUTUAL LIFE
INSURANCE COMPANY

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

89971.1

7

DEFENDANT BOSTON MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT _____, PAGE 26



1

**PROOF OF SERVICE BY MAIL**

2

3  STATE OF CALIFORNIA        )
                               )  ss.:
4  COUNTY OF LOS ANGELES      )

5

6      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

7

8      On December 20, 2007, I served on interested parties in said action the within:

9  **DEFENDANT BOSTON MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

10     by placing a true copy thereof in sealed envelope(s) addressed , as stated below.

11     Michael B. McDonnell, Esq.
       Douglas M. Field, Esq.
12     MCDONNELL & ROMAKER, P.C.
       2040 Harbor Island Drive, Suite 202
13     San Diego, CA 92101

14

15     I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
16  service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date
17  is more than 1 day after date of deposit for mailing in affidavit.

18     Executed on December 20, 2007, at Los Angeles, California.

19     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

22  _____          _____
          Patricia Cormier Herron                    (Signature)
          (Type or print name)

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

90003.1

EXHIBIT _B_, PAGE _27_

1

**PROOF OF SERVICE BY MAIL**

2

3  STATE OF CALIFORNIA    )
                                  ) ss.:

4  COUNTY OF LOS ANGELES   )

5

6      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3185.

7

8      On December 26, 2007, I served on interested parties in said action the within:

9  **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

10

11      by placing a true copy thereof in sealed envelope(s) addressed , as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

12

13  Michael B. McDonnell, Esq.
Douglas M. Field, Esq.
MCDONNELL & ROMAKER, P.C.

14  2040 Harbor Island Drive, Suite 202
San Diego, CA 92101

15

16

17      I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

18  postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or

19  postage meter date is more than 1 day after date of deposit for mailing in affidavit.

20      Executed on December 26, 2007, at Los Angeles, California.

21      I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the

22  foregoing is true and correct.

23

24     Patricia Cormier Herron                                                                                            
     (Type or print name)                        (Signature)

25

26

27

28

JS 44
(Rev. 07/89)

# ORIGINAL CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
CHRISTOPHER O'KEEFE

## DEFENDANTS
BOSTON MUTUAL LIFE INSURANCE COMPANY

**FILED**

'07 CV 2409 RBB

07 DEC 26 AM 9:57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas M. Field (SBN 237888)
McDonnell & Associates, P.C.
2040 Harbor Island Drive, Suite 202
San Diego, CA 92101
Tel: (619) 294-4230  Fax: (619) 294-4237

ATTORNEYS (IF KNOWN)
Simon Manoucherian (SBN 198760)
Meserve, Mumper & Hughes LLP
300 South Grand Avenue, 24th Floor
Los Angeles, CA 90071-3185
Tel: (213) 620-0300  Fax: (213) 625-1930

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Diversity jurisdiction pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motion to Vacate Sentence
**HABEAS CORPUS:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  Docket Number _____

DATE  December 26, 2007

SIGNATURE OF ATTORNEY OF RECORD  _____  Simon Manoucherian

*PAID $350 - 12/26/07 BY KENT # 145855*

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145855     — BH
* * C O P Y * *
December 26, 2007
09:57:31

Civ Fil Non-Pris
USAO #.: 07CV2409 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC# 20712014


Total—>  $350.00


FROM: CIVIL FILING
      O'KEEFE V. BOSTON MUTUAL LIFE