1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER O'KEEFE,            )   Civil No. 07cv2409 L(RBB)
                                     )
12                Plaintiff,         )   CASE MANAGEMENT CONFERENCE
                                     )   ORDER REGULATING DISCOVERY AND
13   v.                              )   OTHER PRETRIAL PROCEEDINGS
                                     )
14   BOSTON MUTUAL LIFE INSURANCE    )   (Rule 16, Fed.R.Civ.P.)
     COMPANY, an unknown business    )   (Local Rule 16.1)
15   entity; DOES 1-50, inclusive,   )
                                     )
16                Defendants.        )
     _____)

17

18   Pursuant to rule 16 of the Federal Rules of Civil Procedure, a

19   case management conference was held on <u>February 21, 2008</u>.  After

20   consulting with the attorneys of record for the parties and being

21   advised of the status of the case, and good cause appearing,

22        IT IS HEREBY ORDERED:

23        1.   All discovery shall be completed by all parties on or

24   before <u>November 24, 2008</u>.  All motions for discovery shall be filed

25   no later than thirty (30) days following the date upon which the

26   event giving rise to the discovery dispute occurred.  For oral

27   discovery, the event giving rise to the discovery dispute is the

28   completion of the transcript of the affected portion of the

                                    1
                                                        07cv2409 L(RBB)

deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories and document production requests must be served by September 29, 2008.

2.    Plaintiff(s) shall serve on all other parties a list of expert witnesses whom Plaintiff(s) expect(s) to call at trial by September 29, 2008.  Defendant(s) shall serve on Plaintiff(s) a list of expert witnesses Defendant(s) expect(s) to call at trial by October 27, 2008.  Each party may supplement its designation in response to the other party's designation no later than November 10, 2008.  The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The designation(s) shall comply with rule 26(a)(2) of the Federal Rules of Civil Procedure and be accompanied by a written report prepared and signed by each witness, including in-house or other witnesses providing expert testimony.  The failure to fully comply with these requirements may result in the exclusion of expert testimony.

3.    Any motion to join other parties, to amend the pleadings or to file additional pleadings shall be filed and heard on or before August 25, 2008.

4.    All other pretrial motions must be filed on or before December 22, 2008.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  **Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan**

07cv2409 L(RBB)

1    **<u>accordingly</u>.**  For example, you should contact the judge's law clerk

2    in advance of the motion cutoff to calendar the motion.  Failure to

3    timely request a motion date may result in the motion not being

4    heard.

5        Questions regarding this case should be directed to the

6    judge's law clerk.  The Court draws the parties' attention to Local

7    Rule 7.1(e)(4) which requires that the parties allot <u>additional</u>

8    <u>time for service of motion papers by mail</u>.  Papers not complying

9    with this rule shall not be accepted for filing.

10       Briefs or memoranda in support of or in opposition to any

11   pending motion shall not exceed twenty-five (25) pages in length

12   without leave of the judge who will hear the motion.  No reply

13   memorandum shall exceed ten (10) pages without leave of the judge

14   who will hear the motion.

15       Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing

16   party fails to file opposition papers in the time and manner

17   required by Civil Local 7.1(e)(2), that failure may constitute a

18   consent to the granting of a motion or other request for ruling by

19   the court.  Accordingly, all parties are ordered to abide by the

20   terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any

21   pretrial motion being granted as an unopposed motion pursuant to

22   Civil Local Rule 7.1(f)(3)(c).

23       Should either party choose to file or oppose a motion for

24   summary judgment or partial summary judgment, no Separate Statement

25   of Disputed or Undisputed Facts is required.

26       5.   Further settlement conferences shall be held at

27   appropriate intervals during the course of the litigation in the

28   chambers of Judge Ruben B. Brooks.  A telephonic, attorneys-only

07cv2409 L(RBB)

settlement conference is set for <u>May 20, 2008, at 8:00 a.m.</u>
Counsel for Plaintiff is to initiate the call.  A mandatory
settlement conference date will be set at one of the scheduled
settlement conferences.

All parties, claims adjusters for insured Defendants and non-
lawyer representatives with complete authority to enter into a
binding settlement, as well as the principal attorneys responsible
for the litigation, must be present and legally and factually
prepared to discuss and resolve the case at the mandatory
settlement conference and at all settlement conferences.  Retained
outside corporate counsel shall not appear on behalf of a
corporation as the party representative who has the authority to
negotiate and enter into a settlement.  Failure to attend or obtain
proper excuse will be considered grounds for sanctions.

If Plaintiff is incarcerated in a penal institution or other
facility, the Plaintiff's presence is not required at conferences
before Judge Brooks, and the Plaintiff may participate by
telephone.  In that case, defense counsel is to coordinate the
Plaintiff's appearance by telephone.

**Confidential written settlement statements for the mandatory
settlement conference shall be lodged directly in the chambers of
Judge Brooks no later than five court days before the mandatory
settlement conference.**  The statements need not be filed with the
Clerk of the Court or served on opposing counsel.  The statements
will not become part of the court file and will be returned at the
end of the conference upon request.  Written statements may be
lodged with Judge Brooks either by mail or in person.

4

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

6.    Despite the requirements of Civil Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on complying with their pretrial disclosure requirements under rule 26(a)(3) of the Federal Rules of Civil Procedure by <u>April 6, 2009,</u> and drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6).

7.    Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before <u>April 10, 2009</u>. A personal meeting between an incarcerated Plaintiff, acting in <u>pro per</u>, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

07cv2409 L(RBB)

1      8.   The proposed final pretrial conference order, including

2 objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial

3 disclosures, shall be prepared, served and lodged with the Clerk of

4 the Court on or before <u>April 13, 2009,</u> and shall be in the form

5 prescribed in and in compliance with Local Rule 16.1(f)(6).

6 Counsel shall also bring a court copy of the pretrial order to the

7 pretrial conference.

8      9.   The final pretrial conference shall be held before the

9 Honorable M. James Lorenz, United States District Judge, on <u>April</u>

10 <u>20, 2009, at 11:00 a.m.</u>

11     10.  The dates and times set forth herein will not be modified

12 except for good cause shown.

13     11.  Plaintiff's(s') counsel shall serve a copy of this order

14 on all parties that enter this case hereafter.

15

16 Dated:  February 22, 2008

17                             RUBEN B. BROOKS
                            United States Magistrate Judge

18

19 cc:   All Parties of Record

20

21

22

23

24

25

26

27

28

1

## CASE RESOLUTION GUIDELINES

2

### Attendance

3

4       All parties and claims adjusters for insured Defendants and
representatives with complete authority to enter into a binding
settlement, as well as the principal attorney(s) responsible for
5   the litigation, must be present and legally and factually prepared
to discuss and resolve the case.  Failure to attend or obtain
6   proper excuse will be considered grounds for sanctions.

7   ### Case Resolution Conference Briefs

8       Written statements, when specifically requested, shall be
lodged in the chambers of Judge Brooks no later than five court
9   days before the scheduled conference.  The statements will not
become part of the court file.  Written statements may be submitted
10  on a confidential basis and lodged with Judge Brooks either by mail
or in person.

11

12      Any statement submitted should avoid arguing the case.
Instead the statement should include a neutral factual statement of
the case and concisely set out issues of liability and damages,
13  including any settlement demands and offers to date, and address
special and general damages where applicable.

14

15      If appropriate, the court will consider the use of other
alternative dispute resolution techniques.

16      If you have any further questions, please feel free to contact
my research attorney, at (619) 557-3404.

17

18

19

20

21

22

23

24

25

26

27

28